**LOVELADY et v RHINELANDER et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5520. Decided January 30, 1939

Wm. C. Meyer, Cincinnati, for appellants.
Lawrence J. Smith, Cincinnati, for appellees.

## OPINION

By ROSS, PJ.

This is an appeal on questions of law from the court of common pleas of Hamilton county, wherein a judgment was entered sustaining the probate of a will the subject of contest in that court, upon the claim of undue influence.

The trial court concluded that no evidence was introduced sustaining such charge and instructed a verdict in favor of the will and against the contestants, who are the children of the testator and stepchildren of his second wife, the executrix under the will.

The evidence offered was to the effect that over a period of several years including a number of years prior to the execution of the will, the second wife of the testator had engaged in a continuous war against the children of the testator. She did all in her power to exclude them from any association with their father. She made representations to the deceased calculated to estrange him from his children. There is evidence that the deceased stood in fear of his wife and was alarmed when anything impended which might arouse her ire.

The will is drawn in such a way as to apparently leave a just portion of the testator's estate to his children. He gave his wife in the second clause of the will cer-

tain real estate, in the third clause furniture and fixtures of a barber shop, and his household goods and furniture, and in the fourth clause all his moneys. In the fifth clause, he gave to his two children certain other real estate, and in such clause he gave to his son the tools and implements used in his barber shop. In the seventh clause, he gave to his son certain diamond studded jewelry, his wearing apparel, a violin and guitar, a watch and chain.

An examination of the testament shows lines drawn through the bequests of the jewelry, the violin and guitar and the chain.

The wife was appointed executrix to serve without bond.

It is difficult to see how the testament in itself indicates the result of undue influence by the wife. The evidence is chiefly directed toward showing improper influence upon the testator after the execution of the will, for, unquestionably, by a continuous course of conduct the wife was successful in reducing the testator to such a condition that he was like putty in her hands.

She was successful in causing the testator to sell the property devised to his children, thus causing it to be converted into money, which, by the fourth clause of the will, became her property as money in the possession of the testator at the time of his decease. She was also successful in causing him to attempt to withdraw, by lining out certain bequests of personal property.

The difficulty with this situation is that this influence was exerted after the will was executed and although it may be fairly inferred that the clause giving her any money in his hands at the time of his decease was inserted in the will at the wife's suggestion, and probably with the intent that it would be available to her after she had thereafter caused the testator to convert the real estate devised to his children into money, still the testator did what he wanted to do at the time of the execution of the will. This, as set out in the case of Meyer v Geiger, No. 5487, decision by this court, November 29, 1938, is the test. We quote again from 41 O. Jur. 356:

"Influence obtained by proper persuasion, argument, entreaty, cajolery, importunity, intercession, solicitation, appeals to affection, conscience, or sense of duty of the testator, treating a testator kindly, and with consideration and friendliness, or by such other influence as one person may deservedly obtain over another cannot be held to be undue influences, unless they subverted and overthrew the will of the testator and caused him to do a thing that he did not desire to do, even though one should by such means procure a disposition in favor of himself or of someone else whose interests he had maintained."

That the evidence adduced in this cause may be probative of some other proper causes of action against the wife is beside the point.

The problem presented to the trial court and presented to this court concerns the existence of any substantial evidence showing that at the time the testator executed the will he was under such influence as to cause him to do what he did not intend to do.

We fail to find such evidence. That the action of the wife was reprehensible in the extreme is unavailing, unless such action produced a state of mind in the testator making the will not his voluntary act.

The judgment is affirmed.

HAMILTON and MATTHEWS, JJ, concur.