ANTHONY, et, Appellants v ABRAMS, etc., Appellee.

Ohio Appeals, 1st District, Hamilton County.

No. 6152. Decided October 19, 1942.

H. C. Bolsinger, Cincinnati, for appellants.
J. D. DeFosset, Cincinnati, for appellee.

## OPINION

By ROSS, J.

The plaintiff appealed from the judgment of the court of com-- mon pleas of Hamilton county; such appeal being designated an appeal upon questions of law and fact. Upon oral argument of the case, it was conceded by plaintiff that the appeal must be confined. to one upon questions of law only.

A verdict was instructed by the court at the conclusion of the contestants' evidence.

After an examination of the bill of exceptions, it is apparent. that the trial court was fully justified in its conclusions that there was no evidence either that the testator at the time he executed his will lacked mental capacity to make a will, or that at the time he executed the will he was under such undue influence that the testament did not represent his voluntary act in the disposition of his property.

It is not sufficient that he was influenced either by affection

or dislike. The adverse influence alleged to exist must have been such that at the time he executed the instrument he was under such restraint that his testamentary disposition was not in accordance with his own independent wishes and judgment. **Monroe v Barclay, 17 Oh St, 302; Lovelady v Rhinelander, Exrx., 60 Oh Ap 493; Lovelady v Rheinlander, 66 Oh Ap 409.**

The evidence does show that the testator at times showed an intense dislike toward the mother of the contestants, and that there was ill feeling between the daughter of testator and the mother of contestants. The evidence as to mental incapacity is limited to developing that the testator at the time of the death of his son and wife was sorely distraught. Such evidence would not justify the trial court in submitting the case to the jury in the presence of the presumptions surrounding the will after its probate.

The judgment is affirmed.

MATTHEWS, PJ., & HAMILTON, J., concur.